Per Curiam.

An official referee has reported the respondent guilty _ of professional misconduct. He also found that" the respondent had aggravated his misconduct by interposing a “ false claim in this proceeding and giving false testimony in an attempt to sustain it.”
For nine years the respondent had known and had acted as attorney for one Dominick Denardo. A cousin of Mrs. Denardo, one Isabella Caligiuri, owned real, estate in Brooklyn. She desired to make alterations thereon and for that purpose sought a loan of $4,000 from Mr. Denardo. In May, 1937, Mr. and Mrs. Denardo, Mr. and Mrs. Caligiuri, a contractor named Holmstrom and the respondent met in the latter’s office.
Mr. Denardo agreed to lend $4,000 to Mrs. Caligiuri provided she gave a bond and mortgage as security. It was finally agreed that the -money would be left in escrow with the respondent. The latter prepared and the parties executed (1) a bond and mortgage in the sum of $4,000 from Mrs. Caligiuri to Mrs. Rose Denardo, (2) an agreement' under which Russell Holmstrom, as contractor, was to perform certain alterations on Mrs. Caligiuri’s property, and $4,000 was to be deposited with the respondent “ to provide for the payments according to the building loan agreement dated this day ” and (3) a- building-loan contract under the terms of which $4,000 was to be paid the contractor in three installments at the office of the respondent as the work progressed.
A check for $4,000 was given to the respondent who indorsed it, as attorney, under a recital that it was “ For mortgage *591 with Mrs. Caligiuri.” The respondent did not deposit the check in any of his three bank accounts (in which he had a total balance of $113.07), but cashed it with a third person. He thereafter converted most of the proceeds to his own use. Because of such conversion, Mrs. Caligiuri was required to borrow from Mr. Denardo an additional $2,000 on each of two different occasions. She gave a second mortgage as security for the first of those loans and the respondent agreed to pay the second in monthly installments. A total of $8,000 was advanced by Mr. Denardo. Mrs. Caligiuri repaid $6,000 with interest. The respondent failed to pay the $2,000 he had agreed to pay in monthly installments. Mrs. Caligiuri refused to pay that sum on the ground that it was an obligation of the respondent. Mr. Denardo, however, instituted an action against Mrs. Cailgiuri to recover the balance of $2,000. Mrs. Caligiuri then filed a complaint with the Grievance Committee of the petitioner against the respondent.
Shortly after he learned that charges had been filed, the respondent approached Mr. Denardo, paid him $1,000 on account of a balance then due of $1,720, and induced Mr. Denardo to waive $720 and to give the respondent a release. Mr. Denardo was also persuaded to give a statement that the respondent was authorized to use part of the $4,000 “ for his personal purposes.” At hearings before the grievance committee Mr. Denardo testified in support of the respondent’s claim that he had permission to use part of the $4,000 advanced to Mrs. Caligiuri. Under cross-examination, however, the witness recanted and admitted that at the request of and to assist the respondent he gave false testimony.
The evidence fully sustains the findings of the official referee that the respondent violated his escrow agreement, converted trust funds left with him for a specific purpose and induced his client to make a false statement in support of a fabricated defense.
In addition to his guilt of the charges set forth in the petition, the respondent has aggravated his wrongdoing by interposing a false and fraudulent defense in this proceeding and by giving false testimony before the official referee in support thereof.
The respondent should be disbarred.
Martin, P. J., Townley, Glennon, Callahan and Peck, JJ., concur.
Respondent disbarred.